MCCAGUE BROTHERS ET AL. V. HORACE B. IREY.

FILED APRIL 19, 1905. No. 13,767.

Contract: CONSTRUCTION. A contract set forth in the petition *held* to be a guaranty of payment and not of collection merely of the sum of money mentioned therein.

ERROR to the district court for Douglas county: GUY R. C. READ, JUDGE. *Affirmed.*

*Charles Battelle,* for plaintiffs in error.

*C. W. De Lamatre, contra.*

AMES, C.

This is a suit upon a written contract of which the following is a copy.

"Whereas the McCague Savings Bank has this 10th day of October, A. D. 1895, for a consideration of Fifteen thousand one hundred and eleven 92-100 Dollars ($15,111.92) transferred and conveyed to J. A. Morris for H. B. Irey the following property. (Here follows long description of property.) And said conveyance has been made and accepted with the understanding and in consideration of the execution of this guarantee. Now therefore, we, jointly and severally, guarantee to the said H. B. Irey that within two years from this date he will realize out of said property the said sum of $15,111.92, with interest thereon from date at 8 per cent. per annum, payable semi-annually. If said H. B. Irey has not realized within said period said sum, with interest, as aforesaid, then at the expiration of said period we will pay him whatever deficiency may exist, with interest, as aforesaid. Meanwhile we will use our best efforts to enable said Irey to realize on said property. During said period said Irey may dispose of said property at any time, at any price, giving us the first opportunity to take it at such price. In witness," etc.

It is alleged in the petition and admitted by the answer that with the exception of a certain town lot, and a decree of foreclosure and sale upon certain property in the city of Kearney, Nebraska, all the property mentioned in the contract has been sold by the plaintiff, and the proceeds of the sales, amounting in the aggregate to $7,866.50, and no more, credited thereon. It does not appear that any attempt has been made to sell the lot or to enforce the decree of foreclosure, but the plaintiff testified without dispute that he had repeatedly requested of the defendants payment of the residue of the money stipulated for in the contract, or assistance to realize the same from the lot and decree, with which requests they had failed to comply. There was a judgment for the plaintiff for the unpaid residue, and the defendants prosecute error.

The only contention of the defendants which we deem worthy of specific notice is that the agreement is a contract of guaranty, not of payment, but of collection, and that

McCague Bros. v. Irey.

the plaintiff is not entitled to recover against the guarantors in the absence of proof that he has unsuccessfully exhausted all reasonable means of collection. , The contention seems to be of but little practical importance. With respect to the lot there was no means of realization except from its sale, of which it does not appear that the plaintiff has neglected an opportunity, and a literal guaranty of collection would have had no applicability to it. The decree of foreclosure does not appear to have been lost or impaired by failure to procure its execution, which the defendants will, upon satisfaction of the judgment, succeed to the right to do, if, indeed, they have not at all times possessed that right.

The instrument in suit, however, recites, in substance, that it was executed in consideration of a contemporaneous loan or advance of a sum of money which the makers guaranteed should be repaid to the plaintiff at all events within two years from its date, and sooner if it could sooner be realized from the property; and the defendants covenanted to assist with their own "best efforts" in bringing about such earlier realization. It does not appear that they have been in any way impeded by the plaintiff, and any dilatoriness or negelect that may have been indulged may be imputed to themselves with at least equal propriety as to him. Defendants suggest that interest should have been computed from and after the expiration of six months from the date of the last instalment realized from the property, but we think that the transaction has none of the features of a mutual account, and that such a computation would be in plain violation of the terms of the contract. We recommend therefore that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.